UNITED STATES, Appellee

v.

William C. THOMPSON, Private
U.S. Marine Corps, Appellant

No. 08-0334

Crim. App. No. 200600807

United States Court of Appeals for the Armed Forces

Argued November 18, 2008

Decided January 5, 2009

PER CURIAM

<u>Counsel</u>

For Appellant:  Major <u>Richard D. Belliss</u>, USMC (argued);
<u>Lieutenant Colonel Richard R. Posey</u>, USMC (on brief).

For Appellee:  Major <u>James W. Weirick</u>, USMC (argued); <u>Commander
Paul C. LeBlanc</u>, JAGC, USN, <u>Lieutenant Derek D. Butler</u>, JAGC,
USN (on brief); <u>Brian K. Keller</u>, Esq.


Military Judge:  J. M. Schum


**<u>THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION</u>.**

PER CURIAM:

After entering mixed pleas, Appellant was convicted by a general court-martial composed of officer and enlisted members of one specification of absence without leave, one specification of disobeying an officer, one specification of assault, one specification of breaking restriction, one specification of possessing child pornography, and one specification of kidnapping in violation of Articles 86, 90, 128 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 890, 928, and 934 (2000). Consistent with his pleas, he was found not guilty of one specification of rape and three specifications of assault in violation of Articles 120 and 128, UCMJ, 10 U.S.C. §§ 920, 928 (2000). Appellant was sentenced to a dishonorable discharge, confinement for seven years, and forfeiture of all pay and allowances. The convening authority disapproved confinement in excess of five years but approved the rest of the sentence as adjudged. The United States Navy-Marine Corps Court of Criminal Appeals (CCA) amended the kidnapping specification to the offense of reckless endangerment in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000) and reassessed the sentence to a bad-conduct discharge, confinement for three years, and forfeiture of all pay and allowances. United States v.

2

<u>United States v. Thompson</u>, No. 08-0334/MC

<u>Thompson</u>, No. NMCCA 200600807 (N-M. Ct. Crim. App. Dec. 11, 2007).[1]  We granted review of the following issues:

> WHETHER THE LOWER COURT ERRED IN HOLDING THAT, EVEN IF THE MILITARY JUDGE ERRED IN DENYING THE DEFENSE MOTION TO SUPPRESS APPELLANT'S CONFESSION TO INVESTIGATOR AR, THE ERROR WAS HARMLESS BEYOND A REASONABLE DOUBT.

> WHETHER THE LOWER COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY SUBSTITUTING ITS FINDING OF GUILT TO RECKLESS ENDANGERMENT UNDER ARTICLE 134, UCMJ, FOR THE COURT-MARTIAL'S FINDING OF GUILT AS TO THE OFFENSE OF KIDNAPPING AS PLED UNDER CHARGE V, SPECIFICATION 2.

FACTS

Appellant's charges primarily resulted from events surrounding his tumultuous, and often violent, relationship with his wife.  The facts relevant to the granted issues are few.

The Government placed Appellant in pretrial confinement for alleged violations of Article 86, UCMJ, (absence without leave) and Article 92, UCMJ, (failure to obey) and provided Appellant with detailed counsel for his defense at a subsequent IRO hearing.  Several weeks later, Criminal Investigation Division Investigator AR questioned Appellant regarding altercations with his wife without notifying Appellant's detailed military counsel.  Appellant signed a waiver form indicating that he was aware of his rights, including the right to have his detailed counsel present, and gave a six page sworn confession in which he admitted a litany of misconduct.

---

[1] The lower court mistakenly stated that the Appellant's sentence included a reduction to pay grade E-1.

Prior to trial, defense counsel moved to suppress the confession, and it appears that the military judge denied the motion without issuing findings of fact or conclusions of law. At trial, the prosecution used the confession to refresh Investigator AR's memory while questioning him about Appellant's statements during the interrogation; the confession itself was not admitted into evidence. During cross-examination of the same investigator, defense counsel proffered a redacted form of the confession that the military judge admitted as evidence. Neither the statements of Appellant, as relayed to the panel by Investigator AR, nor the contents of the redacted confession admitted at the behest of the defense, provided proof of a contested charge that ultimately resulted in a guilty verdict by the panel.

## DISCUSSION

### A.

We review de novo whether a constitutional error in admitting evidence at trial was harmless. United States v. Hall, 58 M.J. 90, 94 (C.A.A.F. 2003) (citing Arizona v. Fulminante, 499 U.S. 279, 295-96 (1991)). "'Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.'" United States v. Moran, 65 M.J. 178, 187 (C.A.A.F. 2007) (quoting Chapman v. California, 386 U.S. 18, 24

4

(1967)).  If "'there is a reasonable possibility that the evidence [or error] complained of might have contributed to the conviction,'" then the constitutional error was not harmless beyond a reasonable doubt.  Id. (quoting Chapman, 386 U.S. at 24).

The CCA assumed, without deciding, that Appellant's confession was obtained in violation of his Fifth Amendment right to counsel, but found that the error was harmless beyond a reasonable doubt.  Thompson, No. NMCCA 200600807, at *8-*9.  When determining whether a constitutional error is harmless, an appellate court should review the entire record.  See Milton v. Wainwright, 407 U.S. 371, 372-78 (1972) (performing an "examination of the extensive record of petitioner's [] trial" to conclude that any error in the admission of the petitioner's pretrial confession was harmless beyond a reasonable doubt).  The CCA examined "all of the circumstances," noted that "none of the admissions made by the appellant in his confession relate to any of the offenses of which members found him guilty," and found that any error was harmless beyond a reasonable doubt.  Thompson, No. NMCCA 200600807, at *8-*9.  After reviewing the entire record, and assuming it was error for the military judge to deny Appellant's motion to suppress the confession, an issue not before us, we agree that any such error was harmless beyond a reasonable doubt.

5

Appellant was charged with five specifications of assault against his wife, one of which was dismissed.[2]  The redacted confession contained a general statement from Appellant that he "pushed," "grabbed," and "shouted at" his wife and specifically referenced the conduct underlying two of the four remaining assault charges.  Despite Appellant's statements, the court-martial found Appellant not guilty of the two assaults mentioned in the redacted confession.[3]  Of the final two assault specifications, neither of which was mentioned in Appellant's statement, the court-martial found Appellant guilty of only one.[4]

In regard to other charged conduct, although Appellant's redacted confession included statements regarding his absence without leave and his breaking restriction, Appellant pleaded guilty to both of these offenses, and he does not suggest that the military judge's failure to suppress his confession compelled his guilty pleas.  While Appellant pleaded not guilty to willfully disobeying an officer and possessing child pornography and was found guilty of those offenses by the court-martial, no statement related to either offense was contained in

---

[2] Additional Charge II, Specification 2 (assault on 9 January 2005).

[3] Additional Charge I, Specification 1 (assault on 12 December 2004); Additional Charge I, Specification 2 (assault on 14 July 2004).

[4] Additional Charge II, Specification 1 (assault on 16 May 2004).

the redacted confession.[5]  Moreover, the military judge gave the appropriate limiting instruction on the use of uncharged misconduct and the proper spillover instruction regarding evidence of multiple charges.  See United States v. Jenkins, 54 M.J. 12, 20 (C.A.A.F. 2000) (noting that panel members are presumed to follow a military judge's instructions).

Based on the above, we affirm the lower court's ruling that even if the military judge erred in denying the defense motion to suppress Appellant's confession, the error was harmless beyond a reasonable doubt.

B.

At trial, the members found Appellant guilty of the charge and specification of kidnapping.[6]  On appeal, the CCA found the evidence of kidnapping factually and legally insufficient

---

[5] The only remaining charge for which the panel could have considered Appellant's redacted confession to find guilt -- the kidnapping charge -- is mooted, as that charge, as modified by the CCA, is now dismissed.  See Part B infra.

[6] The elements of Article 134, UCMJ, kidnapping are:

> (1) That the accused seized, confined, inveigled, decoyed, or carried away a certain person;
> (2) That the accused then held such person against that person's will;
> (3) That the accused did so willfully and wrongfully; and
> (4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Manual for Courts-Martial, United States pt. IV, para. 92.b (2005 ed.) (MCM).

because the detention was de minimis.  Thompson, No. NMCCA 200600807, at *6-*7.  The lower court then affirmed a conviction to reckless endangerment as an offense "closely related" to the offense of kidnapping.[7]  A comparison of the elements of the two offenses reveals that a conviction for reckless endangerment requires proof of elements that are not included in a specification for kidnapping.  Compare MCM pt. IV, para 100a.b (2005 ed.) with MCM pt. IV, para 92.b (2005 ed.) (requiring proof that the accused's conduct was wrongful and reckless or wanton and that the conduct was likely to produce death or grievous bodily harm to another person to convict the accused of reckless endangerment).

The Government concedes, and we agree, that the substitution was improper.  Reckless endangerment is not an offense necessarily included in the offense of kidnapping.  See Article 79, UCMJ, 10 U.S.C. § 879 (2000) (governing conviction of lesser included offenses).

---

[7] The elements of Article 134, UCMJ, reckless endangerment are:

> (1) That the accused did engage in conduct;
> (2) That the conduct was wrongful and reckless or wanton;
> (3) That the conduct was likely to produce death or grievous bodily harm to another person; and
> (4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MCM pt. IV, para. 100a.b (2005 ed.).

DECISION

That portion of the decision of the United States Navy-Marine Corps Court of Criminal Appeals affirming a conviction of reckless endangerment under Article 134, UCMJ, and reassessing the sentence is reversed. The amended finding as to Specification 2 of Charge V is set aside. The decision is affirmed as to the remaining findings. The record is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals to reassess Appellant's sentence in light of this Court's action on the reckless endangerment specification or to order a rehearing.